Louis E. Wolfe, Esq. Informal Opinion No. 95-1 County Attorney County of Clinton 10 Healy Avenue Plattsburgh, N Y 12401
Dear Mr. Wolfe:
You advise that several years ago Clinton County (the "County") took over from the Town of Mooers (the "Town") a bridge having a span greater than twenty-five feet. The bridge is located on a Town road. You inquire whether the County may transfer jurisdiction of the bridge back to the Town, and, if so, by what mechanism.
In a telephone conversation, your county superintendent of highways has advised the County obtained jurisdiction of the bridge by a resolution the County adopted in the 1940s, whereby the County agreed to maintain and repair all town bridges within the County. He advises that the County has closed and barricaded the bridge, but has not abandoned the bridge pursuant to the provisions of Highway Law § 234 (hereafter "HL"; see, generally, 1986 Op Atty Gen [Inf] 135). He advises further that the bridge does not appear on the County's map of the county road system, prepared pursuant to the provisions of HL § 115.
Because the bridge does not appear on the county road system map, the bridge is not a part of the county road system. However, we have not identified any provision of law which prohibits the County from amending the county road system map to include the bridge. Highway Law §115 provides for such an amendment as follows:
 "Amendments to such map may from time to time be made by such county superintendent and if approved by such board of supervisors and the commissioner of transportation shall be filed in the office of the county clerk and county superintendent."
Were the County to amend the county road system map to include the bridge, the provisions of HL §§ 130, 115-b and 115-c would apply. Highway Law § 130 provides that any bridge located on a county road system shall be deemed a part of the road on which it is located. Pursuant to HL § 115-b, the board of supervisors of a county may, by resolution, remove a road or part of a road from the county road system. Highway Law § 115-b provides, in pertinent part, as follows:
 "Upon the recommendation of the county superintendent of highways and pursuant to a written agreement with the governing body of a town, village or city, or in the event such an agreement cannot be reached with the approval of the commissioner of transportation, the board of supervisors of any county may remove a road or part of a road from the county road system and upon adoption of the resolution therefor by the board the county map, referred to in section one hundred fifteen of this chapter, shall be amended as provided for in said section so as to eliminate said road or part of said road from said map and said road or part of said road shall thereupon revert to the town or towns or village or city or cities wherein said road or part of said road is situated. . . ."
Per HL § 115-c, thirty days before the reverter is effective, the County must give notice of the reverter to the clerk and supervisors of the town.
We conclude, therefore, that assuming that the County amends the county road system map to include the bridge, the County may provide thereafter for the reversion of the bridge to the Town pursuant to the provisions of Highway Law §§ 115-b and 115-c.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
MICHAEL D. MORGAN
Assistant Attorney General